_____

(29 Misc. Rep. 617.)

IMPERIAL BLDG. CO. v. JOHN H. WOODBURY DERMATOLOGICAL INST.

(Supreme Court, Appellate Term.  November 29, 1899.)

LEASE—PAROL—EVIDENCE.

> Where a written lease required all signs put up by the tenant to be approved by the lessor, as such approval could be in parol, it was competent to show parol conditions attached thereto.

Appeal from city court of New York, general term.

Action by the Imperial Building Company against John H. Woodbury Dermatological Institute.  From a judgment for plaintiff, affirmed at general term (59 N. Y. Supp. 186), defendant appeals.  Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Benjamin Patterson, for appellant.
Douglass & Minton, for respondent.

FREEDMAN, P. J.  This action was brought to recover the rent of certain rooms leased by the defendant of the plaintiff in the city of St. Louis.  The lease was in writing, and the defense was that the defendant had been evicted from the demised premises by the plaintiff by reason of the removal of certain signs placed in the building by the defendant.  The lease of the premises contained the following clause:

"No signs shall be put up, fastened, or painted upon such building, or in the halls, stairways, or entrances, or on the sidewalk (except opposite the respective numbers on the bulletin boards provided for that purpose, or on the glass in the doors, and the glass of the windows, of said demised premises), without the consent of the party of the first part first obtained in writing; and all signs shall be made in gold or silver lettering, and, both in size, style of lettering, and material, under written instructions of the lessor or its agent, and shall first be approved by the party of the first part before being put up."

Upon the trial, the plaintiff's testimony was to the effect that, at the time the lease was executed, the defendant desired to have his trade-mark (consisting of the profile of a man's face, from the chin to the forehead, on the left side of a circle) upon the signs, in

61 N.Y.S.—9

addition to the lettering; that he was informed that the signs could be put up with the trade-mark thereon, and could remain in place, so long as no objection was made thereto by any of the other tenants of the building; that subsequently, and after the signs were put up, a number of the tenants making objections to the signs, they were taken down, the trade-mark removed, and the signs again put up; and that the defendant occupied the rooms for several months after the signs had been replaced. This taking down and removal of the trade-mark from the signs is claimed by the defendant to have constituted an eviction, it having been disputed by him that the plaintiff had imposed any conditions or restrictions as to the trade-mark remaining upon the signs at the time they were put up. When the plaintiff offered testimony tending to show that its approval of the putting up of the signs with the trade-mark thereon was conditional, the defendant objected thereto, upon the ground that such testimony was an attempt to vary the terms of a written instrument by parol testimony, and was inadmissible, and took exception to the ruling of the court admitting such evidence. The appellant bases his ground for a reversal herein upon the alleged error in the admission of this testimony.

The lease provided that the size, style, and lettering of the signs should be "approved by the lessor or its agent." This approval need not necessarily be in writing. It could be, and was, by parol, and therefore not limited or defined by anything contained in the lease. It could be absolute or qualified, conditional or unconditional, and what the form or terms of that approval should be was subject to the subsequent oral agreement of the parties thereto, and in no way affected, nor was it in any way influenced by, the terms of the lease; and parol testimony was not only competent, but, in the absence of a written approval, was necessary, to show its conditions, if any there was. The defendant showed that the approval of the signs in the manner they were put up was by parol. Had it shown that such approval had been expressed in writing, the writing would have been the best and only competent testimony as to its terms; but such was not the case, and it was not error, therefore, for the trial court to submit the question of fact to the jury whether the approval of the plaintiff to the putting up of the signs in the manner they were erected was conditional or otherwise. Neither did the defendant make any objection, or take any exception, to the judge's charge in that respect. The judgment of the general and trial terms of the city court must therefore be affirmed.

Judgment of the general term and of the trial term of the city court affirmed, with costs. All concur.